UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. PERKINS, <br> Plaintiff, <br> v. <br> CAROLYN W. COLVIN, <br> Defendant. | Case No. 13-cv-02640-JD <br><br> **ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

In this action arising out of the Social Security Commissioner's denial of social security benefits, plaintiff Christopher Perkins was originally required by Court order and under the Local Rules to file a motion for summary judgment or for remand by November 18, 2013. *See* Dkt. Nos. 2, 17. Plaintiff was given multiple reprieves from that deadline, both by stipulated request and then because his counsel was permitted to withdraw on the basis of an alleged "breakdown in communication." Dkt. No. 25.

At the case management conference that was held on July 2, 2014, however, the Court directed defendant to provide to Mr. Perkins directly a printed and electronic copy of the administrative record, and ordered Mr. Perkins to file a motion for summary judgment within 60 days from his receipt of the record. Dkt. No. 28. The Court further expressly explained to Mr. Perkins that even though he was now representing himself, his case could be dismissed for failure to prosecute if he failed to file a summary judgment motion by that deadline. *Id*.

On July 18, 2014, defendant filed a certificate of service attesting that a paper and digital copy of the certified administrative record was being mailed by first-class U.S. Mail to plaintiff. Dkt. No. 29. The 60-day deadline has consequently come and gone, and plaintiff has not filed a summary judgment motion or any other document. The Court therefore dismisses the action with

prejudice for failure to prosecute.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides the Court with authority to dismiss a case for failure to prosecute or to comply with any of its orders. Fed. R. Civ. P. 41(b); *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Espinosa v. Washington Mut. Bank*, No. C 10-04464 SBA, 2011 WL 334209, at *1 (N.D. Cal. Jan. 31, 2011) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Application of these factors here weighs in favor of dismissal. Mr. Perkins has failed to file a motion for summary judgment as required by the Local Rules and by court order, despite having been warned twice that his case may be dismissed for failure to prosecute. *See* Dkt. Nos. 17, 28. With respect to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Espinosa*, 2011 WL 334209, at *1 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). For the second factor, the Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642; *see also Ferdik*, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket."). For the third factor, having filed nothing at all since he was provided with a copy of the administrative record over 60 days ago, Mr. Perkins has offered no explanation for his failure to file a summary judgment motion. This weighs strongly in favor of dismissal. *See Espinosa*, 2011 WL 334209, at *2. With respect to the fourth factor, the Court has given Mr. Perkins almost a year of extensions to file his summary judgment motion which was originally due by November 18, 2013. Mr. Perkins was also given repeated warnings that his case could be dismissed if he failed to prosecute it, most recently in person at the case management conference on July 2, 2014. This is sufficient to satisfy the requirement that the Court consider

2

whether less drastic sanctions may be available.  *See Ferdik*, 963 F.2d at 1262.  Although the fifth factor -- the public policy favoring disposition of cases on their merits -- might weigh against dismissal on its own, the cumulative weight of the other factors overrides it.  *See Pagtalunan*, 291 F.3d at 643 (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal).

## CONCLUSION

Mr. Perkins has been notified more than once that his failure to file a motion for summary judgment would lead to dismissal of this case for failure to prosecute, and he has failed to file a summary judgment motion within the extended time period allowed by the Court.  Consequently, the case is dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated:  September 26, 2014

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. PERKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant. | Case No.  13-cv-02640-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/26/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher A. Perkins
1135 Judah Street
San Francisco, CA 94122


Dated: 9/26/2014


Richard W. Wieking
Clerk, United States District Court


By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

4